UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Willie James Holloman, Jr. and Brenda Denice Holloman,

Case No. 24-44158
Chapter 13
Judge Lisa S. Gretchko

Debtors.
_____/

**OPINION AND ORDER DENYING DEBTORS' RECUSAL MOTION**

This matter is before the Court on the Debtors' May 24, 2024 motion entitled "Motion To Recuse Judge Lisa S. Gretchko" ("Recusal Motion"; ECF No. 21).

This bankruptcy case was filed on April 25, 2024. It is Mrs. Holloman's sixth Chapter 13 case, and Mr. Holloman's ninth Chapter 13 case.[1] In the Chapter 13 case that the Debtors filed on February 5, 2024 (Case No. 24-41084, which was the fourth Chapter 13 case for Mrs. Holloman and the seventh for Mr. Holloman) the Debtors, along with their counsel, Mr. Stephen Parker, appeared on February 29, 2024 for an in-person hearing ("Hearing") on their Motion to Extend the Automatic Stay ("Stay Extension Motion"). Counsel for the Chapter 13 Trustee appeared at the Hearing. Counsel for the Oakland County Treasurer, Mr. Kevin Calhoun, had filed an objection

---

[1] Mr. and Mrs. Holloman also filed a Chapter 11 case on September 23, 2019, Case No. 19-53577.

1

to the Stay Extension Motion, and also appeared at the Hearing. Oral argument lasted approximately 40 minutes.

The Recusal Motion asserts that the undersigned judge has been: (i) "in conclusion [sic] with Oakland County Treasurer Lawyers", (ii) "unfair, bias, and very prejudice against" the Debtors, and (iii) "very discriminative ask us questions and really did not give us a chance to respond".[2]

The Court[3] has listened to the recording of the Hearing, has reviewed the Recusal Motion and other pertinent pleadings, and concludes that the Recusal Motion must be denied.

The alleged facts in the Recusal Motion are not borne out by the record. The Court's records confirm that the only in-person interaction between the Debtors and the undersigned judge occurred at the Hearing on the Stay Extension Motion. Mr. Parker represented the Debtors at that Hearing and argued on their behalf. The Court's recording of the Hearing demonstrates that, while the Court asked several

---

[2] The Recusal Motion filed in this case is virtually identical to the Debtors' April 8, 2024 recusal motion filed at ECF No. 25 in the Chapter 13 case (Case No. 24-43209) that the Debtors filed on April 1, 2024 (which was Mr. Holloman's eighth Chapter 13 case, and Mrs. Holloman's fifth one). Case No. 24-43209 was dismissed on April 18, 2024 due to the Debtors' failure to file a Chapter 13 Plan and Statement of Financial Affairs (*See* Case No. 24-43209, ECF No. 38). Consequently, the Court never ruled on the recusal motion that the Debtors filed in Case No. 24-43209.

[3] Both the undersigned judge and Chief Judge Daniel S. Opperman listened to the recording of the February 29, 2024 Hearing on the Stay Extension Motion in Case No. 24-41084.

questions directly to each of the Debtors, they were given time to respond to the Court's questions and, in fact, they did respond. Indeed, Mr. Holloman spoke up on his own to give the Court additional information.

During the Hearing, counsel for the Chapter 13 Trustee stated that some of the Debtors' statements at the Hearing were inconsistent with the tax returns that they had turned over to the Chapter 13 Trustee in prior case(s).

At the Hearing, Mr. Calhoun argued as counsel for the Oakland County Treasurer. The Court's recording of the Hearing is devoid of any evidence of favoritism or bias in favor of the Oakland County Treasurer or its counsel. Indeed, the undersigned judge rejected the arguments of counsel for the Oakland County Treasurer, who sought to introduce confirmation issues (and dismissal issues) at the Hearing on the Stay Extension Motion. The record reflects that the undersigned judge also denied the Oakland County Treasurer's motion for an expedited hearing on its Motion For Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(4) (*see* Case No. 24-41084, ECF Nos. 36, 40, and 42). The undersigned judge's rejection of the Oakland County Treasurer's arguments and request for an expedited hearing is the opposite of any collusion with the Oakland County Treasurer or its counsel, as alleged by the Debtors.

Simply stated, nothing that the undersigned judge said or did in the Debtors' Case No. 24-41084 shows any personal bias, discrimination, or prejudice against the Debtors, or any bias or collusion in favor of the Oakland County Treasurer or its counsel.

For the reasons stated on the record at the conclusion of the February 29, 2024 Hearing, the Court denied the Debtors' Stay Extension Motion.

The Recusal Motion appears to constitute the Debtors' complaints about the undersigned judge's denial of the Stay Extension Motion. Recusal and/or disqualification of the undersigned judge is not an appropriate remedy or procedure for challenging the correctness of the Court's rulings. *See Liteky v. United States,* 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. …Almost invariably, they are proper grounds for appeal, not for recusal."); *see also Williams v. Anderson,* 460 F.3d 789, 815 (6th Cir. 2006); *United States v. Beaver,* 2000 WL 491538, *5-6 (6th Cir. Apr. 20, 2000).

Moreover, in the instant case the Debtors' own actions render moot their complaints about the Court's ruling. On March 4, 2024, the Debtors (through their counsel) filed a Motion for Voluntary Dismissal of Case No. 24-41084. Then, on March 8, 2024, the Debtors stipulated to entry of an order granting the Oakland County Treasurer *in rem* stay relief pursuant to 11 U.S.C. § 362(d)(4) with respect to ten (10) parcels of real property located in Oakland County (collectively, the "Ten

Parcels"). On March 8, 2024, the Court entered both the Stipulated Order Granting Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(4) with respect to the Ten Parcels, and the Order Granting the Debtors' Motion to Voluntarily Dismiss Case No. 24-41084 (*See* Case No. 24-41084, ECF Nos. 49 and 51).[4]

The Debtors' stipulation to *in rem* stay relief regarding the Ten Parcels, and their motion for voluntary dismissal of Case No. 24-41084, render moot the Debtors' complaints with respect to the Court's denial of the Stay Extension Motion because the Debtors themselves took actions that: (i) granted stay relief to the Oakland County Treasurer with respect to the Ten Parcels, and (ii) terminated the automatic stay pursuant to 11 U.S.C. § 362(c)(2).

For all of these reasons,

IT IS ORDERED that the Debtors' Recusal Motion is denied.

**Signed on June 7, 2024**

/s/ Lisa S. Gretchko
Lisa S. Gretchko
**United States Bankruptcy Judge**

---

[4] Also on March 8, 2024, the Oakland County Treasurer filed a Notice of Withdrawal with respect to its Motion to Dismiss For Bad Faith and Bar Refiling Bankruptcy for Two Years (*See* Case No. 24-41084, ECF Nos. 37 and 50).